IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CAMPBELL GLOBAL, LLC,** *a Delaware limited liability company*,

    Plaintiff,

v.

**GOOD EARTH POWER AZ, LLC,** *an Arizona limited liability company*,

    Defendant.

No. 3:15-cv-01705-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendant Good Earth Power AZ, LLC moves this court to transfer this case to the United States District Court, District of Arizona, pursuant to 28 U.S.C. § 1404 and § 1406 [13]. Keeping this case in the District of Oregon would not interfere with the interest of justice nor would it be a significant inconvenience to the parties or the witnesses. Therefore, Defendant's motion to transfer venue [13] is DENIED.

## DISCUSSION

Defendant contends that the District of Oregon is an improper venue for this case and moves the court to transfer the matter to the District of Arizona pursuant to 28 U.S.C. § 1406(a). In the alternative, if the court finds that the District of Oregon is a proper venue, Defendant moves the court to transfer the case pursuant to 28 U.S.C. § 1404(a). Section 1404(a) generally applies when the transferor court is a proper venue for the action, while § 1406(a) is relied on

1 – ORDER

when venue is not proper in the forum where a plaintiff originally filed suit. *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1212 (D. Haw. 2002).

Recently, in *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas,* ⸺ U.S. ⸺, 134 S.Ct. 568 (2013), the Supreme Court clarified that section 1406(a) allows for transfer only when venue is "wrong" or "improper." *Id.* at 577. Whether venue is wrong or improper is governed by 28 U.S.C. § 1391, which provides, in relevant part, that venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). Here, a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Oregon. The contract formation took place in Oregon and Defendant owed its payment obligations to Plaintiff in Oregon. Therefore, I find that venue is proper under 28 U.S.C. § 1391 and that transfer would be inappropriate under section 1406(a).

Under section 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation and citation omitted). Courts must weigh multiple factors in determining whether to transfer a particular case including (1) the plaintiff's choice of forum; (2) the location where the relevant agreements were negotiated and executed; (3) the respective parties' contacts with the forum; (4) the contacts relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of litigation in the two forums; (6) the availability of a process to compel attendance of unwilling non-party witnesses; (7) the ease of access to sources of proof; and (9) the state that is

2 – ORDER

most familiar with the governing law. *See id.* 498–99 (listing those factors most relevant to this case). Another important factor to consider is "the administrative difficulties flowing from court congestion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 n.6 (1981). Ultimately, the moving party has the burden of showing that an alternative forum is the more appropriate forum for the action. *Jones*, 211 F.3d at 499. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted).

Several of these factors cut in favor of transferring the case to Arizona. First and foremost is that many of the anticipated witnesses, including all third-party witnesses, are in Arizona. "Convenience of witnesses is often the most important factor in determining whether or not to transfer a case. . . . The court considers not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony, as it relates to the issues in the case." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 2015 WL 5178073, at *21 (D. Or. Sept. 3, 2015) (citations omitted). Here, Defendant identifies sixteen witnesses: six employees of Defendant, five of whom are Arizona residents; seven employees of Plaintiff, three of whom are Arizona residents; and three third-party witnesses, all of whom are Arizona residents. Ordinarily I would weigh the number of Arizona witnesses heavily in favor of transfer; however, since thirteen of the sixteen identified witnesses are employees of the parties, this is much less of a concern. *See id.* (noting that "courts give more consideration to non-party witnesses, as opposed to witnesses who are employees of a party to the litigation"). Another factor that weighs in favor of transfer is that Defendant's business records, and presumably some of Plaintiff's records, are located in Arizona. Furthermore, the land underlying the contract at issue is in Arizona; however, it is not obvious that a site visit is an anticipated part of this litigation.

3 – ORDER

Many of the above factors also cut in favor of keeping the case in Oregon. Plaintiff chose to bring suit in this district. The parties negotiated, drafted, and executed the disputed contract in this District and agreed that Oregon law would govern any controversies or disputes that arose. Plaintiff's offices are in Portland, and it claims that it performed the majority of its contractual obligations out of its Portland office. All of Plaintiff's witnesses to contract negotiation and formation, as well as witnesses to Defendant's failure to fulfill its payment obligations are located in Portland, as is the majority of Plaintiff's documentary evidence relevant to its claims. Furthermore, the District of Arizona has one of the busiest dockets in the country.

After having weighed the above factors, I find that it is in the interest of justice to deny Defendant's motion and to keep this case in this District. Although this is a close case, the weight afforded to Plaintiff's choice of forum and the current heavy workload of the District of Arizona are determinative factors in my decision.

## CONCLUSION

Transfer would be inappropriate under 28 U.S.C. § 1406(a) because venue is proper under 28 U.S.C. § 1391(b). Furthermore, after weighing the appropriate factors, transfer under 28 U.S.C. § 1404(a) is not in the interest of justice nor would it be a significant inconvenience to the parties or the witnesses. Therefore, Defendant's motion to transfer venue [13] is DENIED.

DATED this __18th__ day of November, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

4 – ORDER